UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LINDA CONNELL**, | ) | Case No.  3:06 CV 2128 |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **PAT ANDREWS, WARDEN**, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Linda Connell  is a prisoner in state custody seeking habeas corpus relief under 28 U.S.C.

§2254 from her July 23, 2003 involuntary manslaughter conviction for which she was sentenced by

the Court of Common Pleas of Huron County, Ohio to serve 12 years (9 years for involuntary

manslaughter consecutive to 3 years for the gun specification).[1] She maintains that until she shot her

husband in his face and chest, she was a law-abiding citizen, and as a first offender she should have

received "the shortest prison term authorized for the offense" pursuant to Ohio Rev. Code

§2929.14(B) as enforced at the time of her sentencing.  Connell is correct that §2929.14(B) was ruled

unconstitutional by the Ohio Supreme Court in *State v Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470,

2006 - Ohio - 856 (2006), *cert. denied* - U.S. -, 127 S.Ct. 442, 166 L.Ed.2d 314 (2006), which

removed the minimum sentencing requirement.  Connell, however, suffered no prejudice because the

same discretionary sentencing  considerations used in rendering Connell's sentence continued post-

*Foster*.

*I.*

---

[1] Connell was indicted for aggravated murder and murder, but acquitted of these charges with verdicts finding
her guilty of the lesser included offense of first degree involuntary manslaughter with felonious assault(§2903.11(A)) as
the underlying predicate, and third degree involuntary manslaughter with aggravated menacing (§2903.21(A)) as the
underlying predicate offense. (Respondent's Ex. D, ECF # 5-2). Because these were allied offenses, conviction was
entered only for involuntary manslaughter of the first degree. (Respondent's Ex. E, ECF # 5-2).

3:06 CV 2128                                    2

*Procedural History:*

Connell's original appellate counsel did not raise a sentencing issue but unsuccessfully argued improper venue and trial error for disallowing testimony from a defense expert concerning Connell's husband's drug use.  See *State v. Connell*, 2005 WL 1492058, 2005-Ohio-3202 (Ohio App. 6 Dist.). New counsel from Ohio's Office of the Public Defender timely filed an appeal to Ohio's Supreme Court raising the following propositions of law:

> 1. Appellate counsel is ineffective when he fails to argue that the trial court erred by imposing a non-minimum prison term on the defendant without findings from the jury.

> 2. A trial court may not impose non-minimum, maximum or consecutive prison terms in the absence of jury findings of the factors set forth in R.C. 2929.14(B), R.C. 2929.14(C) and 2929.14(E).

> (Exhibit L.)

The Supreme Court of Ohio accepted the appeal on November 23, 2005 and ordered the cause be held for the decisions in Supreme Court Case Nos. 04-1771, *State v. Quinones* and 04-1568, *State v. Foster*.  See *State v. Connell* 107 Ohio St.3d 1421, 837 N.E.2d 1207, 2005-Ohio-6124 (Table 2005) (Exhibit M.) On May 3, 2006, the Supreme Court of Ohio,  *sua sponte* dismissed the appeal "as having been improvidently accepted pursuant to the rule relating to ineffective assistance of counsel announced in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674[.]" See *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 323-24 ¶¶ 174, 181, 847 N.E. 2d 1174, 1181, 2006-Ohio-2109 (Exhibit J).


Meanwhile, on September 22, 2005, Connell  filed a counseled application to reopen her appeal alleging that her former appellate counsel provided constitutionally ineffective assistance by

3:06 CV 2128                                      3

failing to raise sentencing issues. (Exhibit O.) The Court of Appeals for the Sixth Appellate district

denied her application on November 28, 2005, finding it lacked merit. (Exhibit P). Connell did not

file an appeal in the Supreme Court of Ohio. Instead, Connell filed a timely petition under 28 U.S.C.

§2254 setting out two grounds for federal review.

## *II.*

**GROUND ONE**: Petitioner's right to due process of law, as guaranteed by the Sixth
and Fourteenth Amendments to the Constitution of the United States of America, was
violated when the trial court usurped the role of the jury by imposing a non-minimum
sentence based upon findings of fact which were not determined by the jury nor
admitted by Petitioner.

### A.

*Unconstitutionality of Ohio's first offender sentence restriction:*

On June 24, 2004, the Supreme Court announced its decision in *Blakely v. Washington*, 542

U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), reaffirming that the Sixth Amendment's right to

"public trial,  by an impartial jury" was applicable through the Fourteenth Amendment to state

sentencing, so that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for

a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond

a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490,

120 S.Ct. 2348, 147 L.Ed.2d 435  (2000)).  What changed in *Blakely*  from *Apprendi* was the

definition of "statutory maximum" sentence from a penalty enhancing the sentence beyond the

prescribed statutory maximum to "the maximum [the court] may impose *without* any additional

findings." *Blakely v. Washington*, 542 U.S. at 303-304, 124 S.Ct. at 2537; and see *Cunningham v.

California*, 549 U.S. 270, 127 S.Ct. 856, 860, 166 L.Ed.2d 856 (2007). In *U.S. v. Booker,*  543 U.S.

3:06 CV 2128                                                      4

220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Blakely*'s principles were extended to the Federal

Sentencing Guidelines  requiring severance of the provision making the guidelines mandatory.

On February 27, 2006, the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 845

N.E.2d 470, 2006 - Ohio - 856 (2006), *cert. denied* - U.S. -, 127 S.Ct. 442, 166 L.Ed.2d 314 (2006),

evaluated the state's sentencing scheme in light of the holdings of the U.S. Supreme Court in

*Apprendi*, *Blakely*, and *United States v. Booker*, and determined that Ohio's felony, sentencing plan

is a "hybrid" of determinate and indeterminate sentencing, (*Foster*, 109 Ohio St.3d at 12), and, the

court severed the determinate aspects of the system. *Id.* at 17.   Following the lead of state supreme

court decisions in Indiana and New Jersey, (*Foster*, 109 Ohio St.3d at 27 n.98), the Ohio Supreme

Court eviscerated § 2929.14(B)'s presumption in favor of a minimum term for offenders who had not

served time in prison, and severed §2929.14(E)'s judicial fact-finding requirements prior to imposing

consecutive sentences.  *Id*. at 20.  The Ohio Supreme Court struck down the statutory requirements

that permitted judges to impose heightened sentences only after engaging in additional fact-finding

found unconstitutional in *Blakely. Foster,* at 19-20, 25.

## B.

*There is No Procedural Default of  Ground One:*

Respondent argues that ground one is procedurally defaulted for failure to present it to the

state court of appeals. Connell did not  raise her *Blakely* violation claim in the state appellate court.

Instead, in her memorandum in support of jurisdiction to the Ohio Supreme Court she argued as her

second proposition of law that sentencing was contrary to her right to trial by jury as expressed

through *Blakely v. Washington*, due to use of non-jury found factors to augment the sentence.  While

3:06 CV 2128                                      5

not conceding that there has been a procedural default, Connell contends that the default is excused

by her demonstration of cause and prejudice. [2]

Respondent believes that review  is barred  based on a now-modified state procedural rule

from *State v. Phillips*, 27 Ohio St.2d 294, 56 O.O.2d 114,272 N.E.2d 347 (1971).  *Phillips* expressed

the rule from *State ex rel. Babcock v. Perkins*,  165 Ohio St. 185, 185, 134 N.E.2d 839, 841 (1956),

that "[w]here an appeal on questions of law is taken to the Supreme Court from the Court of Appeals,

which latter court had jurisdiction of the subject matter of and the parties to the action, the Supreme

Court will not consider or determine claimed errors which were not raised and preserved in the Court

of Appeals." *Id.* (syllabus ¶ 3); and see *Phillips*, 27 Ohio St.2d at 302; and see  *Fornash v. Marshall*,

686 F.2d 1179, 1185 n. 7 (6th Cir. 1982); *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (citing

*State v. Phillips*).

While *Phillips* and *Babcock* state this procedural rule in mandatory language, the Ohio

Supreme Court had another version of this rule phrased in discretionary language, as illustrated by

the second paragraph of the syllabus in *City of Toledo v. Reasonover*:

> 2. The Supreme Court will not ordinarily consider a claim of error that was not raised
> in any was in the Court of Appeals and was not considered or decided by that court.
> (Section 2505.21, Revised Code, construed and applied.)

*City of Toledo v. Reasonover,* 5 Ohio St.2d 22, 23, 34 O.O.2d 13, 213 N.E.2d 179, 180 (1965); and

see  *State v. O'Connor,* 6 Ohio St.2d 169, 169, 217 N.E.2d 685, 685 (1966)("The Supreme Court may

---

[2]  In order to overcome a procedural default a petitioner must demonstrate both cause and prejudice, and the failure to establish either is sufficient to bar the claim.  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 1852 , 158 L.Ed.2d 659 (2004).

3:06 CV 2128                                    6

properly refuse to consider a claim of error. . .”), rev. on other grounds, *O'Connor v. Ohio*, 385 U.S.

92 (1966); *State v. Jester,* 32 Ohio St.3d 147, 154, 512 N.E.2d 962, 970 (1987).

The most recent version of this rule appears in *State v. Issa*:

This court has long held that failure to raise an issue in the trial court or the court of appeals waives all but plain error in our review. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804; *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156. [3]

*State v. Issa,* 93 Ohio St.3d 49, 56, 752 N.E.2d 904, 915. 2001-Ohio-1290 (2001).

What is noticeably different is that the rule expressed in *State v. Issa*, reiterates and combines

what had been formerly two separate rules from the syllabi of *State v. Williams*:

1. An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph one of the syllabus of *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379, approved and followed.)

2. The Supreme Court will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court. (*Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179, approved and followed.)

*State v. Williams,* 51 Ohio St.2d 112, 112, 364 N.E.2d 1364, 1364 - 1365 (1977).

---

[3] The U.S. Supreme Court vacated that portion of the judgment ordering the death penalty and remanded for further proceedings under the Eighth Amendment death penalty qualifications from *Lockett v. Ohio*, 438 U.S. 586 (1978). See *Williams v. Ohio,* 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156 (1978).

3:06 CV 2128                                    7

*State v. Williams* recognized two separate procedural rules which had the same result of producing waiver due to failure to raise the issue at the trial stage or later at the appellate stage, and each failure acted to bar review of the new claim at the subsequent stage.

Initially the Ohio Supreme Court enforced waiver specifically against constitutionally-based issues not raised at trial in *State v. Awan,* 22 Ohio St.3d 120, 120, 489 N.E.2d 277, 277 (1986). Citing *State v. Glaros* and *State v. Williams,* the Ohio Supreme Court in *Awan* found no reason to segregate constitutionally-based issues from the general bar. *Id.* *Awan*'s syllabus stated, "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan* 22 Ohio St.3d 120, 120, 489 N.E.2d 277, 277 (1986).

It was merely two years before the Ohio Supreme Court reversed itself from excluding review of constitutionally-based issues not raised at trial. *In re M.D.*, the Ohio Supreme Court permitted itself to overlook waiver of constitutionally-based issues and explicitly stated that this procedural rule is discretionary:

> The waiver doctrine in *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, is discretionary. Even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.

> *In re M.D.,* 38 Ohio St.3d 149, 149, 527 N.E.2d 286, 286 (1988)(syllabus).

3:06 CV 2128                                    8

This discretion to review constitutional challenges to state statutes extends to all levels of review under the combined procedural rule as illustrated in *State v. Foster* itself. Approximately six weeks following the U.S. Supreme Court's decision in *Blakely*, on August 5, 2004, the Fifth Appellate District ruled in *State v. Foster,* 2004 WL 1789514, 2004 - Ohio - 4209 (Ohio App. 5 Dist.), that *State v. Comer* governed his assignment of error.[4] That appeal involved no assignment of error based on *Blakely.* Later, however, a claim based on *Blakely* was added in the memorandum in support of jurisdiction to the Ohio Supreme Court. There Foster argued for the first time, "A trial court may not sentence a defendant to consecutive sentences unless the statutory criteria specified in R.C. 2929.14(E) are proven beyond a reasonable doubt," citing  *Blakely*  ( Memorandum in Support of Jurisdiction, Sep. 20, 2004, 2004 WL 5303217, *7-8). The repercussions from *State v. Foster* that followed from the Ohio Supreme Court's application of *Blakely* and *Booker* are at issue in this matter.


The Ohio Supreme Court's forgiveness of waiver for failure to argue *Blakely* at the appellate stage was noted and discussed in *State v. Buchanan*, 2006 WL 3059911, 2006-Ohio-5653 (Ohio App. 7 Dist.). That decision found the disposition of the procedural matter perplexing and mysterious, pointing out "[t]he doctrine of waiver is fundamental and well-established. That said, *Foster* and its progeny created an exception to the doctrine of waiver." *Id*., at ¶ 43. After scrutinizing the Ohio Supreme Court's disposition of cases from eight state appellate districts, *Buchanan* concluded that

---

[4] *State v. Comer,* 99 Ohio St.3d 463 (2003), which upheld and strictly enforced the statutory sentencing requirements for imposing more than the shortest prison term or consecutive sentences was abrogated by *State v. Foster*. See *Foster*, 109 Ohio St.3d at 20-21.

3:06 CV 2128                                    9

remand for resentencing based on *Foster*, "is a special case in which the doctrine of waiver is inapplicable." *Id*., at ¶ 45.

    *Foster,* though, is not inexplicable but exemplifies the Ohio Supreme Court's discretion to review constitutional challenges to state statutes. As explained, it is not a special case, but an illustration of a discretionary rule. That is not to say that *Phillips, Reasonover,* or *Williams* have been overruled, but they have been modified. The Ohio Supreme Court has lifted the procedural bar in limited circumstances involving constitutional challenges such as presented in Connell's first ground. Accordingly, at the time of Connell's appeal to the Ohio Supreme Court there was no procedural bar against the Ohio Supreme Court's review of matters "which were not raised and preserved in the Court of Appeals"  to alleged violations of the Sixth Amendment's right to trial by jury in the application of Ohio's sentencing statutes.

    The strongest authority for this is the Ohio Supreme Court's decision to allow Connell's appeal including Justice Lanzinger's dissent stating she would prefer to review only Proposition I (Connell's ineffective assistance of appellate counsel claim). *State v. Connell* 107 Ohio St.3d 1421, 837 N.E.2d 1207, 2005-Ohio-6124 (Table 2005) ( See Exhibits L & M.).

    Respondent's argument only succeeds if the state procedure satisfies the standards set forth in *Maupin v. Smith*, for a state procedural rule which is actually enforced. See *Id.*, 785 F.2d 135. 138 (6th Cir.1986);  *Jells v. Mitchell*  538 F.3d 478, 488 (6th Cir. 2008).[5]  There is no enforceable state

---

[5]  "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must decide whether the state courts actually

3:06 CV 2128                                     10

procedural rule given that the state courts have found no bar applicable to Connell's ground, no bar is actually enforced in the state courts, and the state procedural rule is discretionary. Further, the issue of cause and prejudice to excuse the procedural default does not arise.

## C.

*Merits of Ground One-De Novo Review:*

Respondent argues that deference should be accorded under *Early v. Packer*, 537 U.S. 3 (2002) to the state decision despite its failure to acknowledge Supreme Court cases. There was, however, no state court decision concerning this ground. Only the ineffective assistance of appellate counsel claim was addressed by the Ohio Supreme Court. See *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 323-24 ¶¶ 174, 181, 847 N.E. 2d 1174, 1181, 2006-Ohio-2109 (Exhibit J). This lack of a decision by Ohio's Supreme Court allowed respondent to raise her procedural default argument without appearing foolish. The Ohio Supreme Court disposed of the appeal addressing only the second ground under *Strickland v. Washington*.

When the state court did not respond to the federal constitutional arguments before it the federal district court has no state court decision before it and must resolve the issue *de novo.* See *Cristini v. McKee,* 526 F.3d 888, 897 (6th Cir. 2008); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th

---

enforced the state procedural sanction. Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim." The fourth factor, whether the petitioner has established cause for his failure to follow the rule and actual prejudice from the alleged constitutional error, applies when the first three have been established.

*Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001)(quoting *Maupin* at 138); *Beuke v. Houk,* 537 F.3d 618, 630 (6th Cir.2008).

3:06 CV 2128                                    11

Cir. 2005), *cert. denied*, 126 S.Ct. 1032 (2006), citing *McKenzie v. Smith*, 326 F.3d 721, 726-27 (6th

Cir. 2003)(distinguishing no results from no reasoning), *cert. denied*, 540 U.S. 1158 (2004); *Maples*

*v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003); and see *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S.Ct.

2527, 2542, 156 L.Ed.2d 471 (2003). "When a habeas claim is not adjudicated in state court, we

apply the pre-AEDPA standard, reviewing de novo questions of law and mixed questions of law and

fact." *Cristini,* 526 F.3d at 897,  citing *Maples v. Stegall*, 340 F.3d at 436; *Crotts v. Bradshaw*  2007

WL 3283841, 6 (N.D.Ohio).


At the time of Connell's sentencing Ohio's legislative sentencing plan mandated that the trial

court impose the shortest available prison term unless:

> (1) The offender was serving a prison term at the time of the offense, or the offender
> previously had served a prison term.
> (2) The court finds on the record that the shortest prison term will demean the
> seriousness of the offender's conduct or will not adequately protect the public from
> future crime by the offender or others.

> Ohio Rev. Code § 2929.14(B).

Connell's conviction for first degree involuntary manslaughter under Ohio Rev. Code §2903.04(A)

carried with it a penalty range of 3 to 10 years. See §2929.14(A)(1). Connell received 9 years. "[T]he

maximum [the court] may impose *without* any additional findings" was 3 years. See *Blakely v.*

*Washington*, 542 U.S. at 303-304, 124 S.Ct. at 2537. Connell's sentence was enhanced by additional

non-jury findings contrary to her Sixth and Fourteenth Amendments' right to trial by jury as

construed in *Blakely* and guided by *State v. Foster*.

3:06 CV 2128                                    12

The trial court justified a near maximum sentence as demeaning the seriousness of the offense under §2929.14(B)(2) explaining: the factors for the seriousness of the crime outweigh the factor for less seriousness; prison is consistent with the purposes of sentencing and Connell was not amenable to an available community sanction; the underlying felonious assault is one of the more serious felonies "more serious, for example, than if the gun accidently discharged during the commission of a felony theft offense;" Connell acted amorally in allowing the victim to die from the gunshot wounds without seeking help; the two gunshots demonstrated a conscious discharge of the weapon on two separate occasions; and Connell showed no remorse and consciously took steps to cover up the crime.

Respondent first contends that this court should reject *State v. Foster*, but this argument is based on the assumption that *Foster* is not an expression of "clearly established Federal Law" for purposes of §2254(d)(1). [6] This argument would have had some relevance if the deferential standard of review from 28 U.S.C. §2254(d)(1) were applicable, but *de novo* review applies here due to the Ohio Supreme Court's lack of a decision on this issue after accepting the second proposition of law for review.

---

[6] When the state courts have determined an issue the extent of permissible federal review of state convictions is set forth in §2254(d)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim  - - -
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States [.]

3:06 CV 2128                                            13

Respondent next along this same line of argument attempts to establish that the holdings from *State v. Foster*, are not "clearly established Federal law" since the Ohio Supreme Court recognized in *Foster* that Ohio's sentencing plan differs from Washington's, which was under review in *Blakely*. Respondent's argument was laid to rest in *Cunningham v. California,* where the California's Supreme Court was chastised for its similar efforts to uphold that states's statutory sentencing scheme despite the clear principle announced in *Blakely*.

> We cautioned in *Blakely,* however, that broad discretion to decide what facts may support an enhanced sentence, or to determine whether an enhanced sentence is warranted in any particular case, does not shield a sentencing system from the force of our decisions. If the jury's verdict alone does not authorize the sentence, if, instead, the judge ***must*** find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied. *Blakely,* 542 U.S., at 305, and n. 8, 124 S.Ct. 2531(emphasis supplied).

> *Cunningham v. California,* 549 U.S. at 290, 127 S.Ct. at 869.

It is absolutely clear that the trial court in sentencing Connell was required to make findings of additional fact in order to impose the longer term. See *State v. Comer*, 99 Ohio St.3d at 469, 793 N.E.2d at 478 (findings required "on the record"for first offender to receive more than minimum sentence); *State v. Foster* 109 Ohio St.3d at 20, 845 N.E.2d at 490 ( §2929.14(B) is unconstitutional because "a court is not authorized to exceed the shortest prison term unless it makes the additional findings.").


The message from *Cunningham* is clear. *Blakely* set out a broad principle and the courts cannot retreat to legal devices to give it an unintended narrow construction. Therefore, under *de novo* review it is beyond dispute that there was a violation of her Sixth Amendment right to trial by jury

3:06 CV 2128                                    14

when the state trial court was not authorized to exceed the shortest prison term without making

additional findings independent of the jury verdict alone.


**D.**

*State v. Foster is not Unconstitutional*:

Connell is not satisfied with a finding that her sentence was unconstitutional in light of

*Blakely*. She understands that *State v. Foster* removed the protective fetters leaving the state courts

free to impose maximum sentences within the legislatively imposed sentencing ranges. Connell fears

that in the wake of *State v. Foster* she could potentially receive the same 9-year sentence, or possibly

the maximum 10-year sentence.


Connell's solution to her predicament is her claim that *State v. Foster* resolved the *Blakely*

issue in an   unconstitutional manner. Connell tortures *Cunningham* 's explanation of why the

California Supreme Court could not justify the state sentencing plan under *United States v. Booker*

and "fair-warning" of conduct that is criminal  from *Bouie v. City of Columbia,* 378 U.S. 347 (1964),

to support her argument that this court must constrain the state trial court to imposing the minimum

3-year sentence.


The "fair warning" argument in relation to sentencing has its roots in the *ex post facto* clauses

of §9 and §10 of Article I of the U.S. Constitution. See *Miller v. Florida*, 482 U.S. 423, 430-31, 107

3:06 CV 2128                                    15

S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987).   Connell's "fair-warning" argument was not fairly

presented in the Ohio Supreme Court.   Nevertheless, it is  a contention that does not aid Connell.


        *Miller* set out the rule that a state cannot give retroactive effect to a modification of its

sentencing guidelines when the result will increase the legal consequences for the crime completed

before the modification's effective date.  *Id.*  The U.S. Supreme Court in *Miller* did not address the

consequences of  state courts' abrogation of state sentencing guidelines.


        Connell appears to rely on a federal/Ohio dichotomy where following *Booker* the federal

courts  continued  to  be  restrained  by  the  federal  sentencing  guidelines,  but  following  *Foster*,

sentencing courts in Ohio are unfettered.  Connell is correct that  no comparable discretion was given

to federal sentencing courts when  *Booker* and  *Foster* are compared.  In *Booker,* portions of the

federal statutes were severed to delete the mandatory language which required the court to apply the

sentencing guideline in the absence of circumstances which justified departure and the standards of

review on appeal, including *de novo* review of departures from the applicable Guidelines range. See

*U.S. v. Booker*  543 U.S. at  259, 125 S.Ct. at 764.   *Booker*  "excised provisions that rendered the

system mandatory, leaving the Guidelines in place as advisory only." *Cunningham v. California,*  549

U.S. at 292, 127 S.Ct. at 870. Appellate review of federal sentences following *Booker* developed

under  the  dictate  of  "reasonableness."[7]    The  federal  courts  operating  under  these  "advisory"

---

[7]   "A sentence may be unreasonable 'when the district judge fails to 'consider' the applicable guidelines range
or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems
an appropriate sentence without such required consideration.'"*U.S. v. Christopher*  415 F.3d 590, 594 (6th Cir.2005),
quoting *U.S. v.Webb*, 403 F.3d 373, 383(6th Cir. 2005).

3:06 CV 2128                                          16

sentencing guidelines have nonetheless given them enforcibility stating that the district court's decisions whether or not to apply the guidelines is reviewable and that federal appellate courts may apply a presumption of reasonableness to district court sentence that is within properly calculated sentencing guidelines range. See *Rita v. U.S.,* -U.S.-, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007); *Gall v. U.S.,* -U.S.-, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).[8]  *Booker* and its progeny have fettered federal judicial sentencing discretion.

In contrast to *Booker*'s conservative approach to achieve Sixth Amendment compliance, the Ohio Supreme Court in *Foster* did not provide any required considerations to assess "reasonableness" equivalent to those in *Booker* or *Rita*.[9] The result is that Connell's resentencing is subject to limited

---

[8]  "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range."

*Gall v. U.S.,* 128 S.Ct. at 597.

[9]  Recently the Ohio Supreme Court confronted the unresolved issue of evaluating reasonableness of sentences post-*Foster* in *State v. Kalish,* 120 Ohio St.3d 23, 23, 896 N.E.2d 124, 126 , 2008-Ohio-4912 (2008):

{¶ 1} The issue before us today is yet another remnant from our decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In *Foster,* we severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 100.

{¶ 2} In so doing, we recognized that *Foster* would affect subsequent appellate review of sentencings, noting that "[t]he appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies." *Id.* at ¶ 99.

{¶ 3} Since *Foster*, the courts of appeals have adopted varied standards for reviewing trial court sentencing decisions, ranging from abuse of discretion, as in the instant case, to a standard that considers whether the sentence is clearly contrary to law. *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, 2007 WL 1196579.

{¶ 4} In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

3:06 CV 2128                                    17

federal scrutiny under the Eighth Amendment (See *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77

L.Ed.2d 637 (1983)), or as a matter of due process when judicial vindictiveness is present (See *North*

*Carolina v. Pearce*). This result, though, is not unconstitutional.


First, Connell is mistaken in her premise that federal defendants are better off when their

sentences are remanded for resentencing in light of *Booker*. The U.S. Supreme Court observed:

> In *Booker* 's wake, it was common for newly convicted defendants to appeal their
> sentences, claiming that they received enhancements that they would not have
> received under the advisory guidelines. Many of those cases were remanded for
> resentencing, and **some defendants wound up with even longer sentences on**
> **remand**. See, e.g., *United States v. Singletary*, 458 F.3d 72, 77(CA2) (affirming a
> sentence lengthened by 12 months following a *Booker* remand), *cert. denied*, 549 U.S.
> 1047, 127 S.Ct. 616, 166 L.Ed.2d 457 (2006); *United States v. Reinhart*, 442 F.3d
> 857, 860-861 (C.A.5 2006) (affirming a sentence lengthened from 210 months to 235
> months following a *Booker* remand) (emphasis supplied).

> *Greenlaw v. U.S.*, - U.S.-, 128 S.Ct. 2559, 2576 n.2, 171 L.Ed.2d 399 (2008).

*Booker* did not guarantee a more favorable outcome upon resentencing.[10]

---

Immediately following this decison, however, one state appellate court has observed that *Kalish* is a plurality decision
and declined to follow it. *State v. Harris* 2008 WL 4885049, 13 (Ohio App. 8 Dist.). So Connell's point is correct that
the state courts have unfettered discretion to sentence to the statutory maximum penalty.

[10] There is the germ of an equal protection argument. Federally, the argument that defendants would have been
more leniently sentenced under comparable state provisions has not been well received. See *U.S. v. Vilchez* 967 F.2d
1351, 1354 (9th Cir. 1992)( there is no goal of federal/state sentence equalization that either Congress or the Sentencing
Guidelines has recognized.); *United States v. Schmitt*, 495 F.3d 860, 863-864 (7th Cir.2007) ("Adjusting federal sentences
to conform to those imposed by the states where the offenses occurred would not serve the purposes of § 3553(a)(6), but,
rather, would create disparities within the federal system, which is what § 3553(a)(6) is designed to discourage") (quoting
*United States v. Williams*, 282 F.3d 679, 681-82 (9th Cir.2002)). Federal/state sentence disparity does not serve as a basis
for a denial of equal protection claim since, "[j]ust as a defendant has no constitutional right to elect which of two
applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty
scheme under which he will be sentenced." *U. S. v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755
(1979).

3:06 CV 2128                                            18

Second, and most importantly, the federal guideline system is fundamentally different from sentencing systems like Ohio's. Federal sentencing under the U.S. Sentencing Guidelines had provided unfettered judicial discretion to sentence within prescribed ranges, and in that regard was "advisory." In contrast, the state system in California, like Ohio's under §2929.14(B), prohibited discretion without additional fact-finding. See *Cunningham*, 549 U.S. at 292, 127 S.Ct. at 870.[11] The U.S. Supreme Court offered several examples of how other states have compensated for Sixth Amendment shortcomings, but included that, "[o]ther States have chosen to permit judges genuinely 'to exercise broad discretion ... within a statutory range,' which, 'everyone agrees,' encounters no Sixth Amendment shoal." *Cunningham,* 549 U.S. at 294, 127 S.Ct. at 871. In other words, "the defendant has no substantive right to a particular sentence within the range authorized by statute." See *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393 (1977); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed.2d 1690 (1948)(There is no constitutional violation when the state court imposes a sentence "within the limits set by the statute."). [12] Consequently, when the legislatively-imposed state guidelines evaporate, the constitution does not

---

[11]  "California's DSL [ determinate sentencing law ] does not resemble the advisory system the *Booker* Court had in view. Under California's system, judges are not free to exercise their "discretion to select a specific sentence within a defined range." *Booker*, 543 U.S., at 233, 125 S.Ct. 738. California's Legislature has adopted sentencing triads, three fixed sentences with no ranges between them. Cunningham's sentencing judge had no discretion to select a sentence within a range of 6 to 16 years. His instruction was to select 12 years, nothing less and nothing more, unless he found facts allowing the imposition of a sentence of 6 or 16 years. Factfinding to elevate a sentence from 12 to 16 years, our decisions make plain, falls within the province of the jury employing a beyond-a-reasonable-doubt standard, not the bailiwick of a judge determining where the preponderance of the evidence lies."

*Cunningham v. California*, 549 U.S. at 292, 127 S.Ct. at 870.

[12]  This is not to demean the protection under due process against judicial vindictiveness upon resentencing. See *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled in part on other grounds by *Alabama v. Smith,* 490 U.S. 794, 803, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). However, resentencing Connell to 9 years would not be presumptively vindictive under *Pearce*.

3:06 CV 2128                                              19

require the state courts to create an equivalent replacement, or enforce these guidelines for the sake of leniency under *Miller*'s "fair-warning" rule. In short, the Ohio Supreme Court's solution in *State v. Foster* was not unconstitutional in light of *Cunningham*, *Gardner* and *Townsend*.


Finally, Connell's proposed remedy of a 3-year sentence runs counter to her argument of infringement of the Sixth Amendment.  By demanding resentencing under the former statutory requirement of §2929.14(B), she seeks the unconstitutional enforcement of the violation.

## E.

*Sentencing error was harmless:*

Sentencing error that occurs contrary to the dictates of *Blakely v. Washington* may be reviewed for harmlessness. See *Washington v. Recuenco*, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). "Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error." *Id.*, 548 U.S. at 222, 126 S.Ct. at 2553. As the Sixth Circuit recently noted, *Recuenco* placed  harmless error "on solid footing" as conceptualized in *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 827, 144 L.Ed.2d 35 (1999), despite growth of the Sixth Amendment's right to trial by jury in *Apprendi* and *Blakely*.  See *United States v. Kuehne*, -F.3d -, 2008 WL 4710991, 24 n.4 (6th Cir. 2008). Under the harmless error rule any error must raise grave doubt about whether trial error  had a substantial and injurious effect or influence on a jury's verdict.  See *O'Neal v. McAnich*, 513 U.S. 432, 438-39, 115 S.Ct. 992, 995-96, 130 L.Ed.2d 947 (1995); *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Kotteakos v. U.S.*, 228 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Transporting this principle into the realm of sentencing error requires the petitioner to show that *Blakely* error was not harmless. See *United States*

3:06 CV 2128                                    20

*v. Williams*, 493 F.3d 763, 766 (7th Cir. 2007).  "While the burden of persuasion on harmless error

review falls on a petitioner, he need not prove that the error was outcome-determinative; instead he

must merely remove any assurances that the error did not affect the outcome." *Ruimveld v. Birkett*,

404 F.3d 1006, 1014 (6th Cir. 2005); *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004); and *see Brecht*,

507 U.S. at 637.


Respondent has papered the court with reports and decisions favorable to the legal position

taken in *Shafer v. Wilson,* 2007 WL 315760 (N.D.Ohio,2007) that sentencing error in violation of

*State v. Foster's* reading of *Blakely* is harmless error. However, other district courts have disagreed.

E.g.  *Smith v. Petkovich*, 562 F. Supp. 2d  912, 922-23 (N.D. Ohio 2008).[13]  Further, Judge Gwin,

who authored *Shafer*, has withdrawn from his earlier position that such error is harmless. See *Crotts*

*v. Bradshaw*, 2007 WL 3283841, 17 (N.D. Ohio 2007). Respondent also refers the court to *U.S. v.*

*Satterfield* , which found the sentencing error harmless because "if this case were remanded for

re-sentencing, defendant would face a real likelihood that he would receive a higher sentence." *Id.,*

200 Fed.Appx. 586, 588, 2006 WL 2986449, 2 (6th Cir. 2006). Were that the appropriate meter, then

given that Connell received 1 year less than the maximum sentence, odds are that she would  face

a lesser sentence, and the error would not be harmless. The respondent's approach, as well as

---

[13]  It should be pointed out that in *Noland v. Hurley,* 523 F.Supp.2d 659, 674 (S.D.Ohio 2007), the court placed the burden on the government to prove that no substantial rights were affected by the error. This standard of review, though, arises in direct review as indicated by *Noland*'s  citation to *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir.2005); *United States v. Barnett*, 398 F.3d 516, 530 (6th Cir.2005); *Arizona v. Fulminante*, 499 U.S. 279, 296, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); and*,  United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

3:06 CV 2128                                21

Connell's, treats this  matter as something that can be addressed by a general rule. It cannot constitutionally be resolved under any such generality.  The measure is Connell's removal of any assurances that the error did not affect the outcome.

When the trial court sentenced Connell the court was not required to augment her sentence beyond the 3-year minimum. The trial court did so exercising  its discretion. ( Respondent's Ex. D, ECF # 5-2).  To that point there was no violation of the Sixth Amendment. The violation occurred when the trial court was forced by §2929.14(B)(2) to state findings on the record why the 3-year sentence would demean the seriousness of the crime because the trial court was "not authorized to exceed the shortest prison term unless it makes the additional findings."  *State v. Foster*  109 Ohio St.3d at 20, 845 N.E.2d at 490. The findings concerned " the seriousness of the offender's conduct" and " future crime by the offender or others." See Ohio Rev. Code §2929.14(B)(2).  *Post-Foster* what has changed in Connell's situation is "excise[ ] [of] the requirement that the court make findings of fact before imposing . . . more than the minimum term on an offender who has never served a prison term." *State v. Mathis*  109 Ohio St.3d 54, 60, 846 N.E.2d 1, 6, 2006-Ohio-855  (2006). What has not changed is that  "seriousness" of the offender's conduct continues as a consideration under §2929.12: [14]

> Although after *Foster* the trial court is no longer compelled to make findings and give reasons at the sentencing hearing . . . , nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those

---

[14]  "In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."

Ohio Rev. Code § 2929.12(A).

3:06 CV 2128                                                  22

include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the **seriousness of the offense** and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself (emphasis supplied)..

*Mathis*,109 Ohio St.3d at 62, 846 N.E.2d at 8.


Seriousness of the offender's conduct under §2929.14(B)(2) is the same as under §2929.12(B). See *State v. Curran*, 166 Ohio App.3d 206, 215-16, 850 N.E.2d 81, 88, 2006-Ohio-773 (2006); *State v. Hairston,* 2006 WL 213835, 3 (Ohio App. 3 Dist.), overruled on other grounds, *In re Ohio Criminal Sentencing Statutes Cases*, 110 Ohio St.3d 70 (2006); *State v. Bass,* 160 Ohio App.3d 618, 621, 828 N.E.2d 193, 196, 2005-Ohio-1847 (2005). Seriousness of the offender's conduct was a consideration at the time of Connell's sentencing, and remains a consideration. The only effect §2929.14(B) had on Connell's sentencing is that it required this reason to be stated on the record to allow for more than non-minimum sentencing.  Since Connell's sentence both pre-*Foster* and post-*Foster* would require consideration of the seriousness of her conduct as defined under §2929.12, *and this was the only factor utilized in sentencing*, there is no error under *Blakely,* and the minimum sentence as militated under §2929.14(B)(2) has become moot. In this unique and narrow circumstance the constitutional sentencing error associated with *Blakely* had no adverse effect on Connell' sentence, and Connell has not  removed any assurances that the error did not affect the outcome.


### III.

**GROUND TWO**: Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States of America, was violated when appellate counsel failed to raise the issue on

appeal that the trail judge usurped the role of the jury by making findings of fact in order to sentence petitioner to a higher-than-minimum penalty.

*Standard of Review Both under 28 U.S.C.§2254(d) and De Novo:*

The standard for appellate counsel's performance is borrowed from *Strickland v. Washington's* two-prong meter of establishing first, objective unreasonableness followed, if necessary by a demonstration of actual prejudice. See *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Smith v. Murray*, 477 U.S. 527, 535-536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). To be more specific, to sustain a violation of the constitutionally guaranteed Sixth Amendment right to counsel, Connell must make two showings, first that counsel's performance was deficient, so that counsel was not functioning as the "'counsel 'guaranteed the defendant by the Sixth Amendment,'" and second Connell "must show that the deficient performance prejudiced the defense;" so that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 686, 104 S.Ct. at 2064; *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Unlike the first ground presented in Connell's petition, Ohio's Supreme Court did address the second ground's issue of appellate counsel's alleged ineffectiveness, vaguely finding that the appeal had been " improvidently accepted pursuant to the rule relating to ineffective assistance of counsel announced in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674[.]" See *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 323-24 ¶¶ 174, 181, 847 N.E. 2d 1174, 1181, 2006-Ohio-2109 (Exhibit J). This is a reasoned state decison and  ground two was

3:06 CV 2128                                    24

therefore "adjudicated on the merits in State court proceedings" for purposes of   28 U.S.C. §

2254(d).

Generally, when a state court disposes of a constitutional claim but provides an inarticulate

analysis, an "intermediate approach" of federal scrutiny applies.  See *Maldonado v. Wilson*, 416 F.3d

470, 476 (6th Cir. 2005), *cert. denied*, 546 U.S. 1101 (2006); *Howard, v. Bouchard*, 405 F.3d 405,

467-468 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006). Under the "intermediate approach"

format, the district court's review remains deferential as required by §2254(d)'s meters of evaluating

a state decision  but  "a federal habeas court must conduct an independent review of the record and

applicable law to determine whether, under the AEDPA standard, the state court decision is contrary

to federal law,[or] unreasonably applies clearly established law[.]" *Howard*, 405 F.3d at 467-468,

citing *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir.2000).[15]


What complicates this review is that the Ohio Supreme Court's decision is not only vague,

but it is impossible to ascertain whether Ohio's Supreme Court  intended  to address one or both

prongs of *Strickland*. Compare *Wiggins v. Smith*,  539 U.S. at 534, 123 S.Ct. at 2542. In *Wiggins* the

Supreme court held it was not bound by §2254(d)'s restraints with respect to the second prong of

*Strickland* of prejudice since  the state courts rested their decisions solely on an erroneous finding

of  adequate performance by counsel. *Id*. In contrast here it is equally probable that the state court

did not address Strickland's performance prong.  A cautious solution to this dilemma is to review

both prongs of *Strickland* under both the deferential  standard, as well as *de novo*. See *Martinez v.*

*Dretke,*  426 F.Supp.2d 403, 473 (W.D. Tex 2006).

---

[15]     The third meter, which is inapplicable here is "an unreasonable determination of the facts in light of the
evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

3:06 CV 2128                                         25

*Deferential Review:*

The Ohio Supreme Court did refer to an appropriate decisional basis from U.S. Supreme Court precedent (*Strickland v. Washington*) which in deferential review is sufficient to trigger a presumption that "state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002). Since the state decision acknowledged a correct factor for adjudicating this claim, this matter has progressed past the issue of whether the state court decision was *contrary to* clearly established Federal law and Connell must show an *unreasonable application of* clearly established Federal law. See *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005);*Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003). Connell must show that the state decision applied *Strickland* to the facts of the case in an objectively unreasonable manner. See *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Williams v. Taylor*, 529 U.S. 362, 409, 410, 120 S.Ct. 1495, 1521-22, 146 L.Ed.2d. 389 (2000).

As discussed under ground one, the insertion of a *Blakely* claim would not change the outcome after *State v. Foster* because Ohio's sentencing courts remain required to consider the seriousness of the offender's conduct under §2929.12. See *State v. Mathis*, 109 Ohio St.3d at 62, 846 N.E.2d at 8. Consequently, this issue was not "clearly stronger" and the Ohio Supreme Court's decision is not an unreasonable application of clearly established Federal law. [16]

---

[16] Under the deferential standard there is no constraint against collapsing ineffectiveness into prejudice in ascertaining the strength of the assignment of error.

3:06 CV 2128                                    26

*De Novo Review:*

When conducting *de novo* review of appellate counsel's effectiveness, the Sixth Circuit has provided the district courts with criteria,  the *"Mapes* factors," a series of eleven non-exclusive questions which has been devised to assist in  ascertaining  whether appellate counsel's performance  was objectively unreasonable. See *Mapes v. Coyle*, 171 F.3d at 413. [17]  "In addition to these criteria, a habeas court may also consider '[p]revailing norms of practice as reflected in American Bar Association standards and the like.' *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).*" Franklin v. Anderson,*  434 F.3d 412, 429 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 941 (2007).


On June 24, 2004  the Supreme Court modified *Apprendi v. New Jersey's* "statutory maximum" to "the maximum [the court] may impose *without* any additional findings." *Blakely v. Washington*, 542 U.S. at 303-304, 124 S.Ct. at 2537.  Respondent states that the appellate brief was filed in October 2004. The record also established  revised briefing was submitted on April 18, 2005.

---

[17] Those questions are as follows:

> (1) Were the omitted issues "significant and obvious"?
> (2) Was there arguably contrary authority on the omitted issues?
> (3) Were the omitted issues clearly stronger than those presented?
> (4) Were the omitted issues objected to at trial?
> (5) Were the trial court's rulings subject to deference on appeal?
> (6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
> (7) What was appellate counsel's level of experience and expertise?
> (8) Did the petitioner and appellate counsel meet and go over possible issues?
> (9) Is there evidence that counsel reviewed all the facts?
> (10) Were the omitted issues dealt with in other assignments of error?
> (11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Whiting v. Burt*, 395 F.3d 607, 616 (6th Cir. 2005); quoting *Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir.1999); *cert. denied*, 528 U.S. 946 (1999).

(See Respondent's Ex. G & I, ECF # 5-4 & 5-7). Throughout 2005 the state appellate courts developed case precedent finding Ohio Rev. Code §2929.14(B) did not impose a standard contrary to the right to trial by jury as expressed in *Blakely* - a fact recognized by the Ohio Supreme Court in *Foster*. (See Note 6). [18]   However, when considering the *Mapes* factors relevant to this matter as contrary authority, strength of omitted issues, and the key factor of whether the decision to omit the issue was evident incompetence, it is clear that competent counsel would *not* have reasonably and professionally omitted a *Blakely*-based argument.  At the time of Connell's appellate brief in late 2004, state appellate courts had not developed a dissuasive case precedent history.  The U.S. Supreme Court's decision was as bright and untarnished as Christmas tinsel when it came to Blakely's application under Ohio's sentencing scheme, and even allowing for provincialism, by October 2004 there was no reason why competent counsel would not have presented an assignment of error asserting that the greater than minimum sentence violated *Blakely v. Washington*.  However, review under the *de novo* standard does not circumvent the second prong of prejudice.

---

[18]  The state appellate courts developed a general consensus during 2005 that Ohio Rev. Code §2929.14(B) was not impacted by *Blakely*, *e.g. State v. Huff* 2005 WL 2670037, 3 (Ohio App. 10 Dist.):

> Thus, even if *Blakely* applied to Ohio's sentencing guidelines in general, it would have no application to the findings of fact under R.C. 2929.14(B) because those findings have never been within "the province of the jury." See *also, State v. Johnson*, Washington App. No. 04CA23, 2005-Ohio-3943; *State v. West*, Washington App. No. 04CA37, 2005-Ohio-3485, at ¶ 14; *State v. Wilson*, Washington App. No. 04CA18, 2005-Ohio-830, at ¶ 51; *State v. Semala*, Lake App. No.2003-L-128, 2005-Ohio-2653, at ¶ 32, quoting State v. Morales, Lake App. No.2003-L-025, 2004-Ohio-7239, ¶ 77-83; *State v. Alexander*, Summit App. No. 22295, 2005- Ohio-2393, at ¶ 29; *State v. Farley*, Butler App. No. CA2004-04-085, 2005- Ohio-2367, at ¶ 41, citing *State v. Combs*, Butler App. No. CA2000-03-047, 2005-Ohio-1923, at ¶ 58; *State v. Black*, Allen App. No. 1-04-83, 2005-Ohio-1253, at ¶ 7; *State v. Berry* (2004), 159 Ohio App.3d 476, 486-488, 824 N.E.2d 543, appeal not allowed, (2005), 106 Ohio St.3d 1488, 832 N.E.2d 739; *State v. Trubee*, Marion App. No. 9-30-65, 2005-Ohio-552.

However, federal circuit courts prior to October 2004 had in some instances recognized *Blakely*'s proscription against sentence enhancement via non-jury found facts. For example see *U.S. v. Montgomery*, 383 F.3d 1040 (9th Cir. 2004); *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004); U.S. v. Pree, 384 F.3d 378 (7th Cir. 2004), but see *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004)(*Blakely* had no affect on U.S. Sentencing Guidelines).

3:06 CV 2128                                                28

*No actual prejudice:*

Connell must establish there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 687; *Williams v. Taylor*, 529 U.S. at 390-91. While appellate counsel failed to raise *Blakely*-error, the Ohio Supreme Court did accept the appeal brought by Ohio's Office of the Public Defender. Connell did succeed in presenting this claim. However, the Ohio Supreme Court ingeniously created "hair-pulling moments" for both defense counsel and federal court by accepting the *Blakely* claim but disposing of the appeal solely on the alternate ineffectiveness of appellate counsel claim. As explained under ground one, the violation of the Sixth Amendment by requiring additional non-jury made findings to sentence Connell to more than the minimum sentence was clearly harmless error in this instance.

3:06 CV 2128                                      29

## *CONCLUSION AND RECOMMENDATION*

Following review of the petition and applicable law, *de novo* and independent review of the grounds raised  Connell has not  removed any assurances that the errors alleged in both grounds did not affect the outcome, so the error is harmless. Additionally, with respect to ground two Connell has not demonstrated that she is in custody pursuant to a judgment of the state court which resulted in a decision that involved an unreasonable application of Federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. §2254(d)(1).  There has been no demonstrated need for an evidentiary hearing.  It is recommended that Connell's application for habeas corpus be denied.


　　　　　　　　　　　　　　　　　　s/James S. Gallas
　　　　　　　　　　　　　　　　United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


December 15, 2008