UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| LINDA CONNELL : | |
| : | CASE NO. 3:06-CV-2128 |
| Petitioner, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. No. 25.] |
| PAT ANDREWS, WARDEN : | |
| : | |
| Respondent. : | |
| : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 1, 2006, Petitioner Linda Connell filed a petition for a writ of habeas corpus under to 28 U.S.C. § 2254. [Doc. 1.] On March 3, 2009, this Court denied the petition, but certified that Petitioner Connell could take an appeal in good faith, and issued a certificate of appealability. [Doc. 23.] On April 2, 2009, Petitioner Connell filed a notice of appeal and a "motion to waive filing fee, with the intention of filing a motion to proceed in forma pauperis in the [S]ixth [C]ircuit [C]ourt of [A]ppeals." [Doc. 25.]

In resolving this motion, this Court must decide whether Petitioner Connell takes this appeal in good faith, and whether she has shown that she is financially unable to pay the costs of the appeal. *See* Fed. R. App. P. 24(a); 16AA Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 3970.1. Because Petitioner Connell has failed to attach an affidavit showing in detail her inability to pay, this Court **DENIES** the motion.

**I. Standard of Adjudication of a Motion to Proceed in Forma Pauperis**

-1-

Case No. 3:06-CV-2128
Gwin, J.

"It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995). One of these remedial matters unrelated to the merits of the appeal is a motion to proceed in forma pauperis on the appeal.

The Rules of Appellate Procedure "explicitly contemplate a number of other actions to be taken by the district court during the pendency of an appeal." 16AA WRIGHT & MILLER § 3949.1. "[Federal Rule of Appellate Procedure] Rule 24(a) requires a party seeking to proceed in forma pauperis to so move in the district court." *Id.*

A party seeking to appeal in forma pauperis does not always need explicit district court approval. A party seeking to proceed on appeal in forma pauperis does not need district court approval if, (1) the district court permitted a party to proceed in forma pauperis in the district court, and (2) the district court certifies that the party can take an appeal in good faith. FED. R. APP. P. 24(a)(3). This Court has not previously permitted Petitioner Connell to proceed in forma pauperis. Petitioner Connell therefore needs this Court's approval.

A district court can withhold approval and deny a motion to appeal in forma pauperis when (1) the district court "certifies in writing that [the appeal] is not taken in good faith," 28 U.S.C. § 1915(a)(3), or when (2) the party seeking to proceed in forma pauperis does not show an inability to pay, FED. R. APP. P. 24(a). This Court has already certified that Petitioner Connell could take an appeal in good faith. [Doc. 23.] To succeed on this motion, then, Petitioner Connell need only show and inability to pay.

Federal Rule of Appellate Procedure 24(a) proscribes the process through which a party can

Case No. 3:06-CV-2128
Gwin, J.

demonstrate an inability to pay to the district court. FED. R. APP. P. 24(a). Under Rule 24(a), "a party to a district-court action who desires to appeal in forma pauperis *must* file a motion in the district court. The party *must attach an affidavit* that . . . shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees and costs." FED. R. APP. P. 24(a)(1) (emphasis added). A party may also make a motion before the appeals court. "If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)" in the motion before the appeals court. FED. R. APP. P. 24(a)(5).

## II. Application

Here, Petitioner Connell's attorney filed a motion to waive the filing fee. As grounds for the motion, Connell's attorney said that "Ms. Connell has been incarcerated for over five years and is indigent. It is Ms. Connell's intention to file a Motion to Proceed In Forma Pauperis, with affidavit of indigency, in the United States Court of Appeals for the Sixth Circuit." [Doc. 25 at 1.]

With this motion, Petitioner Connell attached no affidavit. Her attorney's representation to the Court is not a sufficient substitute for the detailed information required by Rule 24(a). *See* FED. R. CIV. P. Form 4, *available at* http://www.ca6.uscourts.gov/Internet/forms/ifp/form4.pdf (requiring a sworn statement that, among other things, estimates the amount of money received by petitioner and petitioner's spouse in the last 12 months from various sources).

Accordingly, Petitioner Connell has not shown an inability to pay.[1]

## III. Conclusion

For the reasons stated above, this Court **DENIES** Petitioner Connell's motion to proceed in

---

[1] This Order express no opinion on whether Petitioner Connell would be entitled to proceed in forma pauperis if she had attached to this motion an affidavit containing the relevant information.

-3-

Case No. 3:06-CV-2128
Gwin, J.

forma pauperis.

      IT IS SO ORDERED.

Dated: April 10, 2009                      s/ *James S. Gwin*

                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE